UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Chapter 7 Case
Case No. BKY 05-51761-GFK

DANIELLE TANSKI d/b/a
DANIELLE TANSKI CONSTRUCTION,
Debtor.

APPLICATION TO REOPEN CASE

TO: The Court above named, the United States Trustee, Robert R. Kanuit, and all parties in interest:

Comes now, Rocklon and Barbara Chapin ("Chapins") and move the court as follows:

1. This motion is brought pursuant to 11 U.S.C. § 350 and Bankruptcy Rule 5010. The above named Court has jurisdiction over this proceedings. The original Petition commencing this case as a Chapter 7 was filed on October 13, 2005. Debtor was granted a Discharge on March 29, 2006.

2. Chapins move for an order reopening the bankruptcy case to move the court for an order modifying the discharge injunction to allow Chapins to proceed with a state court action against the Debtor as a nominal defendant with recovery to be had as against the Minnesota Contractor's Recovery Fund.

WHEREFORE, Chapins respectfully move this Court as follows:

That the case be reopened to allow for the above described motion and for any other such relief as the Court deems just and equitable.

Dated: April 6, 2011

JOHNSON, KILLEN & SEILER, P.A.

By: ____ s/ Roy J. Christensen ______
Joseph V. Ferguson, III
Attorney Reg. No. 134806
and Roy J. Christensen
Attorney Reg. No. 0302508
230 West Superior Street
Suite 800 Wells Fargo Center
Duluth, MN 55802
(218) 722-6331
Attorneys for Movants

**VERIFICATION**

Movants, Rocklon and Barbara Chapin, hereby certify under penalty of perjury that the statements contained in the foregoing document are true and correct according to the best of their knowledge, information and belief.

Dated: 3-30-2011

Rocklon B. Chapin
Rocklon Chapin

Barbara D. Chapin
Barbara Chapin

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Chapter 7 Case
Case No. BKY 05-51761-GFK

DANIELLE TANSKI d/b/a
DANIELLE TANSKI CONSTRUCTION,
Debtor.

MEMORANDUM OF LAW

This Memorandum is submitted pursuant to 11 U.S.C. § 350 and Bankruptcy Rule 5010.

Rocklon and Barbara Chapin ("Chapins") have moved this Court for an Order to Reopen Case under 11 U.S.C. § 350 and Bankruptcy Rule 5010, which provides that:

> "A case may be reopened on motion of the debtor or other party in interests pursuant to § 350(b) of the Code. In a Chapter 7, 12 or 13 case, a trustee shall not be appointed by the United States Trustee unless the court determines that a Trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case."

Chapins were listed as a creditor holding an unsecured, non-priority claim against Debtor in Debtor's bankruptcy schedules, with the amount of Chapins' supposed claim being "unknown." Chapins asserted no claim in the Debtor's bankruptcy, as Chapins had no claim or claims against Debtor at the time of Debtor's bankruptcy.

By certain contract dated March 21, 2005, Chapins entered into a contract with Debtor (the "Contract") for Debtor to construct a new residential home for Chapins located in the City of Hermantown, St. Louis County, Minnesota (the "home"). The home was substantially completed in July, 2005, and Chapins received a deed from Debtor, and moved into the home, on August 3, 2005.

The work of Debtor on the home pursuant to the Contract has proven to be deficient and improperly performed and not meeting applicable construction codes and industry standards. Specifically, the home's basement and foundation walls were improperly constructed and lacked basic waterproofing required under the City of Hermantown building permit for the home, resulting in extensive water leakage in the home's basement noticed by Chapins since 2007. As a result of such failure of performance by Debtor, Chapins have had to correct said deficiencies and pay other contractors to repair and remediate the home, which has resulted in damages to Chapins in the amount of $28,937.00.

Chapins seek to commence a civil action, to be made whole for their monies expended in repairing and remediating the home's construction defects in St. Louis County, Minnesota District Court by a Complaint in the form attached hereto as **EXHIBIT 1**.

Chapins move for an Order reopening the bankruptcy case to grant relief from the discharge injunction so as to permit Chapins to commence a civil action against the Debtor in St. Louis County, Minnesota District Court so that Chapins can procure a money judgment against Debtor that may only be recovered from the "Minnesota Contractor's Recovery Fund", Minn. Stat. §326B.89, et. seq.

Chapins' claims are well within Minnesota's statutes of limitation for negligence, breach of contract and breach of warranty and ten year statute of repose for construction defect claims.

Debtor has no equity interest in the Minnesota Contractor's Recovery Fund, and it is not necessary to an effective reorganization.

Chapins desire to protect their interests in and possibly recovery under the aforementioned Minnesota Contractor's Recovery Fund, and requests the Court to lift the discharge injunction to the extent of allowing the referenced State Court civil action to proceed.

WHEREFORE, Chapins submit this Memorandum in support of their Application and Motion to Reopen Case in the above-entitled matter.

Dated: April 6, 2011

JOHNSON, KILLEN & SEILER, P.A.

By: ____ s/ Roy J. Christensen ______

Joseph V. Ferguson, III
Attorney Reg. No. 134806
and Roy J. Christensen
Attorney Reg. No. 0302508
230 West Superior Street
Suite 800 Wells Fargo Center
Duluth, MN 55802
(218) 722-6331
Attorneys for Rocklon and Barbara Chapin

EXHIBIT 1

**STATE OF MINNESOTA**
**COUNTY OF ST. LOUIS**

**DISTRICT COURT**
**SIXTH JUDICIAL DISTRICT**
**CASE TYPE: ___________**
Court File No. _____________

ROCKLON CHAPIN and
BARBARA CHAPIN,

Plaintiffs,
vs.

**COMPLAINT**

DANIELLE TANSKI d/b/a
DANIELLE TANSKI CONSTRUCTION,

Defendant.

Plaintiffs, for their causes of action against Defendant, state and allege as follows:

1. Plaintiffs Rocklon and Barbara Chapin (hereinafter collectively referred to as "Chapins"), are adult residents of St. Louis County, Minnesota.

2. Defendant Danielle Tanski ("Tanski") is a resident of St. Louis County, State of Minnesota. At all pertinent times, Tanski was a residential housing contractor licensed by the State of Minnesota engaged in the business of constructing residential homes.

3. Chapins entered into a building contract in March, 2005 with Tanski to construct a new home in the City of Hermantown, County of St. Louis, State of Minnesota. The home was substantially completed in July, 2005 and the Chapins took occupancy of the house in August, 2005.

4. The Chapins performed all of their obligations under the subject building contract, including but not limited to payment in full of all sums due Tanski under the contract.

5. Sometime after the house was constructed and sold to the Chapins, and the Chapins took occupancy of the home, it was determined that the home had a number of construction defects, violations of the Minnesota building code, and other flaws which needed correction, including, but necessarily limited to an improperly constructed foundation, improperly constructed basement walls, and a complete lack of basic waterproofing, with such basic waterproofing required under the terms of a building permit issued by the City of Hermantown to Tanski to construct the home. The defects, violations of the building code and other flaws have resulted in a home that has regularly flooded in times of high rains and\or significant snow\ice melt since the year 2007.

6. To prevent further flooding, the Chapins have been forced to engage other contractors to correct the improperly constructed foundation, improperly constructed basement walls, and complete lack of basic waterproofing, incurring verifiable costs in the amount of $28,937 to date.

7. Tanski filed Bankruptcy on March 21, 2005 and received a discharge in Bankruptcy from the United States Bankruptcy Court for the District of Minnesota on March 29, 2006.

8. Given Tanski's bankruptcy filing and discharge, the Chapins cannot recover against Tanksi, personally, on the facts set forth above and the claims set forth below, and therefore bring the below claims against Tanski as a nominal defendant only, and seek a judgment against Tanski only recoverable under the Minnesota Contractor's Recovery Fund, Minn. Stat. 326B.89 et. seq., as allowed by the Bankruptcy Court's Order allowing relief from the Bankruptcy Discharge Injunction, dated April ____, 2011, a true and correct copy of which is attached hereto as Exhibit A.

**COUNT I – BREACH OF CONTRACT**

9. Plaintiffs re-allege paragraphs 1 through 8 above and incorporate the same herein as if fully restated.

10. Defendant has breached her contract with the Chapins as follows:
    a. By failing to construct the new home in a good, workmanlike manner and in conformance with established residential construction standards and building codes.
    b. Otherwise failing to comply with the terms and requirements of the building contract.

11. As a result of Defendant's breach of contract, as referenced and described above, the Chapins have sustained damages in the amount of $28,937.

**COUNT II - - NEGLIGENCE**

12. Plaintiffs re-allege paragraphs 1 through 11 above and incorporate the same herein as if fully restated.

13. Defendant owed a duty to the Chapins to administer the building contract and provide services under the contract in accordance with the normal and reasonable standards of care applicable to professionals in the construction field.

14. Defendant breached her duty of care to the Chapins, as follows:

    a. Failing to provide construction services free from substantial defects.
    b. Failing to provide construction services in a good, workmanlike manner; and providing construction services in a manner that did not comply or conform to standard building methods and practices and which did not conform to applicable codes.
    c. Failing to provide construction services and failing to manage the building contract, and the services to be rendered under that contract, in such a way so as to insure performance in accordance with the building contract.

15. As a result of the negligence of the Defendant, as referenced and described above, the Chapins have sustained damages in the amount of $28,937.

**COUNT III - - BREACH OF STATUTORY WARRANTY UNDER MINN. STATS. SEC.327A.**

16. Plaintiffs re-allege paragraphs 1 through 15 above and incorporate the same herein as if fully restated.

17. Minn. Stat. Sec. 327A.01, et seq., as amended, provides warranties to Chapins by Defendant that the new home constructed by Defendants would be free from construction defects caused by faulty workmanship and/or defective materials.

18. Due to faulty workmanship and/or defective materials employed by Defendants, Defendants have breached the statutory warranties under Minn. Stat. Sec. 327A.01, et seq., as amended.

19. Chapins are entitled to recover amounts necessary to repair said construction defects or are entitled to recover an amount representing the difference in value between the dwelling without the defects and the value of the dwelling with the defects.

20. The Chapins have been damaged in the amount of $28,937 as a result of Defendant's breach of the referenced statutory warranties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs above-named demand judgment against the above-named Defendant for the sum of Twenty-Eight Thousand Nine Hundred Thirty Seven and 00/100ths dollars ($28,937), together with interest, Plaintiffs' attorney's fees, costs and disbursements, which judgment shall not be collected as against Defendant, personally, owing to Bankruptcy Law, but shall instead be presented to the Minnesota Contractor Recovery Fund.

Dated: April ___, 2011.

JOHNSON, KILLEN & SEILER, P.A.

By: ___________________________
Roy J. Christensen #0302508
230 West Superior Street
Suite 800 Wells Fargo Center
Duluth, MN 55802
(218)722-6331
Attorneys for Plaintiffs

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements and attorney/witness fees may be awarded pursuant to Minn. Stat. §549.211 Subd. 2, to the parties against whom the allegations in this pleading are asserted.

___________________________________
Roy J. Christensen
Attorney for Plaintiffs

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Chapter 7 Case
Case No. BKY 05-51761-GFK

DANIELLE TANSKI d/b/a
DANIELLE TANSKI CONSTRUCTION,
Debtor.

UNSWORN DECLARATION FOR PROOF OF SERVICE

Donna J. Carlson, an agent for Johnson, Killen & Seiler, P.A., attorneys licensed to practice law in this court, with offices at 230 W. Superior Street, Suite 800 Wells Fargo Center, Duluth, MN 55802, declare that on April 6, 2011, she served the annexed APPLICATION TO REOPEN CASE upon each of the entities named below by electronic transmission and/or mailing to each of them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at Duluth, Minnesota, addressed to each of them as follows:

United States Trustee
Suite 1015
300 South 4th Street
Minneapolis, MN 55415
Via electronic transmission

Bridget Brine
Trustee in Bankruptcy
2009 London Road
Suite 100
Duluth, MN 55812
Via electronic transmission

Yvonne Michaud-Novak
208 Sellwood Building
202 West Superior Street
Duluth, MN 55802
Via electronic transmission

Danielle Tanski dba
Danielle Tanski Construction
5651 Hagberg Road
Hermantown MN 55811
Via U.S. Mail

And I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 6, 2011

Donna J. Carlson
Donna J. Carlson

Subscribed and sworn to before me on
April 6, 2011.

Pamela R. Sorenson
Notary Public

PAMELA R SORENSON
Notary Public
State of Minnesota
My Commission Expires
January 31, 2015

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Chapter 7 Case
Case No. BKY 05-51761-GFK

DANIELLE TANSKI d/b/a
DANIELLE TANSKI CONSTRUCTION,
Debtor.

**ORDER TO REOPEN CASE**

An application to reopen this closed bankruptcy case has been filed by Rocklon and Barbara Chapin and appears to show cause for such reopening under Rule 5010 and 11 U.S.C § 350.

IT IS THEREFORE ORDERED:

1. The above case is reopened for the sole purpose of permitting Rocklon and Barbara Chapin to file their motion described in their application to reopen case.

2. Payment of the prescribed filing fee is waived.

3. The United States Trustee may serve as trustee, if authorized, or appoint a trustee if applicable.

4. The trustee upon qualification or other party in interest may commence further appropriate proceedings in the case.

5. Upon payment of the prescribed filing fee, if applicable, otherwise forthwith, the clerk shall mail a copy of this order to the party that filed the application or motion and two copies of this order and the application or motion to the United States Trustee.

Dated: ___________________, 2011

_________________________________
Bankruptcy Judge



W:\23619\001\Bky\Order to Reopen Case.docx

STATE OF MINNESOTA )
)ss:
COUNTY OF ST. LOUIS )

I, ______________________________________, hereby certify that I am a Deputy Clerk in the office of the United States Court for the Fifth Division of the District of Minnesota. On ___________, 2011, true and correct copies of the attached:

ORDER TO REOPEN CASE

were served electronically or placed by me in individual envelopes, requiring no postage, that said envelopes were addressed individually to each person, corporation, and firm at their last known addresses appearing hereinafter, that said envelopes were sealed and on the day aforesaid placed in the United States mails at Duluth, Minnesota, to:

United States Trustee
Suite 1015
300 South 4th Street
Minneapolis, MN 55415

Bridget Brine
Trustee in Bankruptcy
2009 London Road
Suite 100
Duluth, MN 55812

Yvonne Michaud-Novak
208 Sellwood Building
202 West Superior Street
Duluth, MN 55802

Danielle Tanski dba
Danielle Tanski Construction
5651 Hagberg Road
Hermantown MN 55811

Mr. Roy J. Christensen
Johnson, Killen & Seiler, P.A.
230 West Superior Street
Suite 800 Wells Fargo Center
Duluth, MN 55802

And this certificate was made by me.

_________________________________
Deputy Clerk